UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CRISTIAN M. LOGA-NEGRU,**
        **Plaintiff,**

    v.                                                                                    Case No. 22-C-909

**MIRELA P. ZALEWSKI,**
        **Defendant.**

---

## SCREENING ORDER

Plaintiff Cristian M. Loga-Negru, an inmate confined at the Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. On August 17, 2022, the plaintiff moved to file an amended complaint and filed an amended complaint. ECF Nos. 6, 7. Because he filed the amended complaint before I screened the complaint or ordered service on any defendant, I will grant his motion. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 16, 2022, I ordered the plaintiff to pay an initial partial filing fee of $32.97. ECF No. 5. Plaintiff paid that fee on August 31, 2022. I will grant the plaintiff's

motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE AMENDED COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the amended complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States,

and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The amended complaint names as defendant Mirela P. Zalewski, a citizen of Wisconsin who works at Tactical Design in Arlington Heights, Illinois. The plaintiff asserts claims of unjust enrichment, fraud, invasion of privacy, defamation, misappropriation, and negligence. He claims the defendant violated his or his wife's rights under numerous state laws, Title VII, the First and Eighth Amendments, and other federal laws and regulations.

I understand the amended complaint to allege that Zalewski had an improper relationship with the plaintiff's wife between September and November 2014, while the two worked together at Tactical Design. He says the defendant misrepresented her age and discriminated against the plaintiff's wife. The plaintiff's wife eventually agreed to leave Tactical Design. He says the defendant then committed "the tortious act . . . in furtherance of a civil conspiracy to defraud or defame the Plaintiff, in an attempt to deprive him of a broad range of mutual benefits each family member receives from the others' continued existence, including love affection, care, attention, companionship, comfort, and protection." ECF No. 8 at 4.

The plaintiff alleges the defendant defamed him and exposed him to ridicule "and the libel of the chance lost to a lifetime of felicity with his wife, at the whim of an unchaste woman." *Id.* He alleges these violations have continued for the past eight years "against

the background of someone who has been imprisoned for an alleged serious crime, held without bail, and minimal access to the outside world." *Id.* He describes this as "a defamatory situation per se." *Id.* He says both he and his wife lost potential income during these events. He also alleges that the defendant "prod [his wife] to file a false complaint for an injunction order," which appears to have been an order of protection or temporary restraining order against the plaintiff. *Id.* at 5. He says he incurred legal costs "for defeating a permanent injunction against the order of protection, and the annulment of the Plaintiff's marriage which he applied for through another attorney." *Id.*

The plaintiff alleges the defendant took his wife "to her private quarters in Wisconsin, and later from Wisconsin to Illinois, causing her to bring a civil action against the Plaintiff and for purposes that had nothing to do with her job." *Id.* He says the defendant took these actions "for her mere arousal and gratification." *Id.* He alleges the defendant later forced, ordered, or otherwise caused the plaintiff's wife "to attend the acquarium [sic] from the firm's main office," wash "a full-sink [sic] of dishes by hand at the [defendant's] residence with servant-like resolution," and walk the defendant's dog. *Id.* at 6. The plaintiff alleges the defendant had secret communications with the plaintiff's wife with the intent of taking "trips to the state of New York, despite all the signals that the purpose of such trip would not be professional." *Id.* He accuses the defendant of using "fraud and deception" to conceal her activities with the plaintiff's wife. *Id.*

The plaintiff claims the defendant's "actions intruded in the Plaintiff's private life, and the foreseable [sic] risk of exploiting his name, dignity of citizenship, personality and right to participation and expression, abridged the Plaintiff's rights under the First Const. Amendment, and to a decent treatment under the Eight [sic] Const. Amendment, and was

obvious." *Id.* at 7. He says the defendant's actions caused "damages beyond doubt" and "br[ought] about injuries that, absent [her] conduct, would have not occurred." *Id.*

The plaintiff seeks $700,000 in damages for "the loss of consortium and injury to the personal relationship with the Plaintiff's wife" and $200,000 "[f]or the mental suffering caused to the Plaintiff's parents as the next-of-kin with one child." *Id.* at 8. He seeks additional damages for "the contributory factors that led to the Plaintiff's wife demise," "economic loss," damage to his reputation, and invasion of privacy. *Id.* He seeks these damages pursuant to Wisconsin law.

**C. Analysis**

The amended complaint does not state a claim for relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The amended complaint satisfies neither of these elements.

The amended complaint asserts claims of unjust enrichment, fraud, defamation, misappropriation, negligence, and loss of consortium. Those are state law claims, as the amended complaint suggests. A violation of state law alone does not infringe a constitutional right and is not a basis for a complaint under § 1983. *See Swarthout v. Cooke,* 562 U.S. 216, 221–22 (2011); *Tucker v. City of Chicago*, 907 F.3d 487, 494–95 (7th Cir. 2018). The plaintiff's vague, conclusory allegations that the defendant "intruded" into his private life and "abridged" his rights under the First and Eighth Amendments does not state a federal claim. *See Iqbal*, 556 U.S. at 679. The plaintiff also asserts the defendant discriminated against or mistreated his wife. Even if true, the plaintiff lacks

standing to assert the rights of another person, including his wife (who it appears is now deceased). *See Lewis v. Casey*, 518 U.S. 343, 349–50 (1996); *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). The amended complaint does not adequately allege that the defendant's actions personally violated the plaintiff's constitutional rights.

The amended complaint also fails to allege that the defendant was acting under color of state law. It alleges that the defendant works at Tactical Design, a private company or firm in Illinois. It does not allege that the defendant is a state employee or has any ties to or relationship with any state official, state agency, or state organization. There is no basis to find that she is a state actor amendable to this lawsuit. Section 1983 does not allow claims against a private individual who allegedly violated another individual's rights protected under state law.[1]

Even if the amended complaint did state a claim, it would be untimely. The relevant statute of limitations for actions brought under § 1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In 2014, when the alleged events occurred, the relevant limitations period in Wisconsin was six years. *See Huber*, 909 F.3d at 207 (citing Wis. Stat. § 893.53 (2016), *amended by* 2017 Wis. Act 235 (eff. Apr. 5, 2018)). That means the plaintiff had until November 2020 at the latest to bring the claims alleged in this lawsuit. He did not bring this lawsuit until August 2022—nearly two years too late.

---

[1] To the extent the plaintiff intended to assert claims under state law, I would lack subject-matter jurisdiction. Both the plaintiff and the defendant are alleged to be citizens of Wisconsin, Am. Compl. ¶ A.2, and therefore diversity jurisdiction is not present. *See* 28 U.S.C. § 1332. Because I am dismissing the § 1983 claim, I will not exercise supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3).

6
Case 2:22-cv-00909-LA   Filed 09/19/22   Page 6 of 9   Document 10

The amended complaint is confusing, meandering, and difficult to follow. But it provides sufficient information to conclude that the amended complaint fails to state a claim for relief and is untimely. Courts generally permit civil plaintiffs an opportunity to amend their pleadings but need not do so if "it is certain" that amendment would be futile. *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346–47 (7th Cir. 2018) (quotation omitted) (or quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The defendant is not a state actor, and the amended complaint seeks relief for alleged violations of state law only. Even if those things were not true, the amended complaint is untimely. Further amendment would not change those facts or save the amended complaint from dismissal. Because amendment would be futile, I will not permit the plaintiff to amend his complaint a second time.

The plaintiff also moves to withdraw or modify the pleadings. ECF No. 9. He asks me to take "judicial notice of the 'information' (i.e. claims)" in the amended complaint in his other case pending before me and allow him to withdraw this case pursuant to Federal Rule of Civil Procedure 15. *Id.* He alternatively asks that I place this case "in abeyance, until an answer to the screening order receives a review." *Id.* He says other factors, including "a material witness" may delay or change his ability to prosecute this case. *Id.*

I am dismissing this case because the amended complaint does not state a claim for relief and cannot be cured with further amendment. I will not take "judicial notice" of these insufficient and untimely allegations in the plaintiff's other case. Nor will I stay this case pending changes in the plaintiff's circumstances.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend his complaint (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to withdraw or modify the pleadings (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $317.03 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 19th day of September, 2022.

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge